UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLANDO PEAY, #325314,

   Plaintiff,

                 CASE NO. 2:11-CV-12234
v.                 HONORABLE DENISE PAGE HOOD

MR. PAGE, et al.,

   Defendants.
                /

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I. Introduction**

   The Court has before it Michigan prisoner Orlando Peay's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.  In his Complaint, Plaintiff challenges the validity of his state criminal convictions, raising allegations of perjury and false evidence, the withholding of evidence, the failure to investigate, obstruction of justice, and his actual innocence.  He names as defendants several state prosecutors, several Detroit police officers, an EMS technician, a medical examiner and pathologist, several defense attorneys, and two state court judges.  He sues Defendants in their official and individual capacities, and seeks monetary damages and immediate release from custody.  Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted and on the basis of immunity.  The Court also concludes that an appeal from this decision would be frivolous and cannot be taken in good faith.

1

## II.     Legal Standards

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an

arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his rights was intentional, not merely negligent. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Having reviewed the pleadings with this standard in mind, the Court finds that Plaintiff's complaint is subject to summary dismissal.

**III.    Analysis**

Plaintiff's complaint, which lists conclusory claims of perjury and false evidence, the withholding of evidence, the failure to investigate, obstruction of justice, and actual innocence, is subject to dismissal because Plaintiff challenges his state court criminal proceedings and resulting convictions. This fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

Even if Plaintiff's claims were not barred by *Heck*, they would still be subject to dismissal for failure to state a claim upon which relief may be granted. Plaintiff's claims of perjury and false evidence, the withholding of evidence, the failure to investigate, obstruction of justice, and actual innocence are conclusory. It is well-established that conclusory allegations are insufficient to state a civil rights claim under § 1983. *See Maldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009) (dismissing malicious prosecution claim where plaintiff made only vague and conclusory allegations of false evidence); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 129 S. Ct. at 1948-49; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998).

Plaintiff's claims against the defense attorneys must also be dismissed because they are not proper defendants in a civil rights action brought pursuant to § 1983. It is well-settled that retained or appointed attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. *See Polk Co. v. Dodson*, 454 U.S.

312, 317-18 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004). Plaintiff's claims against the defense attorneys must therefore be dismissed for this additional reason.

Plaintiff's claims for monetary damages against several defendants are also subject to dismissal based upon immunity. Plaintiff sues several state employees, including the prosecutors and judges, in their official capacities for damages. Such claims are barred by sovereign immunity. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity also applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The Michigan courts operate as arms of the state, and are entitled to the same sovereign immunity as the State of Michigan. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *see also Chambers v. Michigan,* No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases). Such sovereign immunity extends to judges and prosecutors in the Michigan courts who are sued in their official capacities. *See Pucci*, 628 F.3d at 764; *Cady*, 574 F.3d at 342-45. The state prosecutors and judges are entitled to Eleventh Amendment immunity and Plaintiff's claims against them in their official capacities for damages must be dismissed.

The prosecutors are also entitled to absolute immunity on Plaintiff's claims against them in their individual capacities for damages. It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, _ U.S. _, 129 S. Ct. 855, 861 (2009). This immunity covers a prosecutor's decision to file a criminal complaint. *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). It also applies even when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to the grand jury). The prosecutors are entitled to absolute prosecutorial immunity on any personal claim for damages arising from their actions as advocates in Plaintiff's criminal proceedings.

The judges are similarly entitled to such absolute immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).[1] Plaintiff's claims against the defendant judges concern the performance of their judicial duties. They are entitled to absolute immunity on any personal claim for damages arising from such conduct.

---

[1] The Court notes that the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006); *Hass v. Wisconsin*, 109 F. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000).

## IV.     Conclusion

The Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint, that the defense attorneys are not state actors subject to suit under § 1983, and that the prosecutors and judges are entitled to immunity on Plaintiff's claims for damages. Accordingly, the Court **DISMISSES** his civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court further concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  June 23, 2011

I hereby certify that a copy of the foregoing document was served upon Orlando Peay #325314, 34625 26 Mile Road, New Haven, MI 48048 and counsel of record on June 23, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

7